IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DOLORES J. TRAMMELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NANCY BERRYHILL, )<br>Acting Commissioner of Social Security )<br>Administration, )<br>)<br>Defendant. ) | 1:16CV586 |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Dolores J. Trammell brought this action to obtain review of a final decision of the Commissioner of Social Security[1] denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). The Court has before it the certified administrative record[2] and cross-motions for judgment.

I. PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI in October of 2012 alleging a disability onset date of April 4, 2012. (Tr. 15, 34, 200-210.) The applications were denied initially and

---

[1] Nancy Berryhill recently became the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy Berryhill should be substituted for Carolyn W. Colvin as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Act, 42 U.S.C. § 405(g).

[2] Transcript citations refer to the Administrative Transcript of Record filed manually with the Commissioner's Answer. (Docket Entry 7.)

upon reconsideration. (*Id.* at 113-16, 124-31, 132-41.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.* at 142-43.) After a hearing, the ALJ determined that Plaintiff was not disabled. (*Id.* at 15-26, 34-50.) The Appeals Council denied a request for review, making the ALJ's determination the Commissioner's final decision for purposes of review. (*Id.* at 3-7.)

## II. STANDARD FOR REVIEW

The scope of judicial review of the Commissioner's final decision is specific and narrow. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986). Review is limited to determining if there is substantial evidence in the record to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the Court, therefore, is not whether Plaintiff is disabled but whether the Commissioner's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Id.*

## III. THE ALJ'S DECISION

The ALJ followed the sequential analysis, which is set forth in 20 C.F.R. §§ 404.1520 and 416.920., to ascertain whether the claimant is disabled. *See Albright v. Comm'r of Soc. Sec. Admin.*, 174 F.3d 473, 475 n.2 (4th Cir. 1999).[3] The ALJ determined at step one that Plaintiff

---

[3] "The Commissioner uses a five-step process to evaluate disability claims." *Hancock v. Astrue*,

2

had not engaged in substantial gainful activity since the April 4, 2012 alleged onset date. (Tr. 17.) The ALJ next found the following severe impairments at step two: arthritis, obesity, affective disorder, and anxiety-related disorder. (*Id.*) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1. (*Id.*)

The ALJ next set forth Plaintiff's Residual Functional Capacity ("RFC") and determined that she could perform

> work that involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds; pushing or pulling similar amounts; sitting, standing, and walking for 6 hours each; no more than frequent postural activity; no more than occasional interaction with supervisors and coworkers but no more than superficial/incidental contact with the public, such as sharing common areas like hallways and elevators; no more than simple, routine, repetitive tasks performed with a pace and stress tolerance that allows for no production quotas.

(*Id.* at 20.) The ALJ made no finding at step four, concluding that the evidence was insufficient to do so. (*Id.* at 25.) Last, at step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform. (*Id.*) Consequently, the ALJ concluded that Plaintiff was not disabled.

---

667 F.3d 470, 472-73 (4th Cir. 2012) (citing 20 C.F.R. § 416.920(a)(4)). "Under this process, the Commissioner asks, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to his [or her] past relevant work; and (5) if not, could perform any other work in the national economy." *Id.* A finding adverse to the claimant at any of several points in this five-step sequence forecloses a disability designation and ends the inquiry. *Id.*

## IV. ISSUES AND ANALYSIS

Plaintiff raises a number of issues in her brief. In pertinent part, Plaintiff contends that the ALJ materially erred in not giving the North Carolina Department of Health and Human Services' ("NCDHHS") determination that she was eligible for Medicaid disability proper consideration under Social Security Ruling ("SSR") 06-03p. (Docket Entry 10 at 13-16.) For the following reasons, the Court agrees that remand is in order.

More specifically, SSR 06-03p provides in pertinent part that:

> evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered. . . .
>
> [W]e are not bound by disability decisions by other governmental and nongovernmental agencies. In addition, because other agencies may apply different rules and standards than we do for determining whether an individual is disabled, this may limit the relevance of a determination of disability made by another agency. However, the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases and in the case record for initial and reconsideration cases.

SSR 06-03p, *Considering Opinions and Other Evidence From Sources Who Are Not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disabitliy by Other Governmental and Nongovernmental Agencies,* 2006 WL 2329939, at *6-7 (Aug. 9, 2006).

In interpreting SSR 06-03p, the Fourth Circuit has considered "the precise weight that the SSA must afford to a VA disability rating." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012). In addressing this question, the Fourth Circuit noted that, "the VA and Social Security programs serve the same governmental purpose of providing benefits to

persons unable to work because of a serious disability." *Id.* It reasoned further that "[b]oth programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id.* (quotations omitted).

The Fourth Circuit concluded that "[b]ecause the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." *Id.* Thus, "in making a disability determination, the SSA [Social Security Administration] must give substantial weight to a VA disability rating." *Id.* "However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate." *Id.* *Bird* has subsequently been interpreted to include not only VA awards but Medicaid awards as well.[4]

---

[4] *See Perry v. Berryhill*, No. 2:16-CV-00058-D, 2017 WL 3044573, at *4 (E.D.N.C. June 28, 2017) (unpublished) ("Subsequent case law within the Fourth Circuit has explicitly extended the holding in *Bird* to Medicaid decisions, noting that both the Medicaid and VA disability programs share markedly similar standards and requirements with the DIB and SSI programs at issue here."), *recommendation adopted*, 2017 WL 3038222 (E.D.N.C. July 17, 2017) (unpublished); *Chriscoe v. Colvin*, No. 1:13CV788, 2015 WL 4112442, *4 (M.D.N.C. July, 8, 2015) (unpublished) (collecting cases in support of the proposition that "Although *Bird* involved a decision by the Veterans Administration ("VA") rather than the NCDHHS, subsequent case law within the Fourth Circuit has explicitly extended the holding in *Bird* to Medicaid decisions, noting that both the Medicaid and VA disability programs share markedly similar standards and requirements with the DIB and SSI programs at issue here.") (unpublished).

Consequently, in order to satisfy SSR 06-03p and *Bird* an ALJ must meaningfully articulate how substantial evidence supports a conclusion that the disability determination of another agency is entitled to limited or no weight. *See, e.g., Bird,* 699 F.3d at 343; *Adams v. Colvin,* No. 5:14-CV-689-KS, 2016 WL 697138, *4 (E.D.N.C. February 22, 2016) (unpublished); *Hildreth v. Colvin,* No. 1:14CV660, 2015 WL 5577430, *4 (M.D.N.C. September 22, 2015) (unpublished); *Gillis v. Colvin,* No. 1:14CV426, 2015 WL 4644777, *3-4 (M.D.N.C. August 4, 2015) (unpublished), *recommendation adopted, slip op.* (M.D.N.C. Aug. 26, 2015) (unpublished); *McCall v. Colvin,* No. 1:14-00063-FDW, 2014 WL 5089424, *3 (W.D.N.C., October 9, 2014) (unpublished); *Mills v. Colvin,* No. 5:13-CV-432-FL, 2014 WL 4055818, *8 (E.D.N.C. August 14, 2014) (unpublished); *Baughman v. Colvin,* No. 5:13-CV-143-FL, 2014 WL 3345030, at *8 (E.D.N.C. July 8, 2014) (unpublished).

Otherwise, an ALJ has committed reversible error, and the case must be remanded to develop an adequate record for review. *See Baughman,* 2014 WL 3345030, at *8; *Hildreth,* 2015 WL 5577430, at*5. This requirement of a clear articulation comports with the more general requirement that an ALJ "must build an accurate and logical bridge from the evidence to [the] conclusion." *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

Here, the NCDHHS concluded that due to her "severe impairments of depression, anxiety, OCD, and PTSD," Plaintiff "meets the disability requirement referenced in 20 C.F.R. 416.920(d), Appendix 1, Listing 12.04 [Affective Disorders] which directs a finding of disabled." (Tr. 230.) However, in his decision, the ALJ only made one explicit reference to the NCDHHS Medicaid disability determination.

Specifically, the ALJ stated in his decision that:

> I am mindful that the claimant has been found disabled by the North Carolina Department of Human Services and is now receiving disability payments from that agency (Exhibit 8D). However the Social Security Administration makes determinations of disability according to Social Security law, therefore, a determination of disability by another agency is not binding on this proceeding, meriting no specific deference of weight (20 CFR 404.1504 and 416.904, *see also* SSR 96-5p).

(*Id.* at 24.) The ALJ's analysis is inadequate for at least four reasons.

First, an ALJ cannot satisfy SSR 06-03p merely by mentioning an agency determination and then stating that it is not binding. *See, e.g., Baughman v. Colvin*, No. 5:13-CV-143-FL, 2014 WL 3345030, at *8 (E.D.N.C. July 8, 2014) (unpublished) ("[T]he ALJ's clearly stated reason—that the Medicaid determination is not binding—is insufficient.").[5] SSR 06-03p anticipates that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases" even though the SSA is "not bound by disability decisions by other governmental and nongovernmental agencies." SSR 06-03p, 2006 WL 2329939, at *7. The reason that SSR 06-03p sets forth this requirement is because the ruling provides guidance on how an ALJ should weigh *evidence*. *Id.* at *6 ("[W]e are required to evaluate all the *evidence* in the case record that may have a bearing on our determination or decision of disability, *including* decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and

---

[5] The Court acknowledges the presence of some case law from district courts within this circuit that has approved a more "cursory discussion" in which an ALJ "notes that other governmental determinations have been considered, but assigned little weight." *See e.g. Woods v. Berryhill*, NO. 1:16-cv-00058-MOC-DLH, 2017 WL 1190920, *2 (W.D.N.C. March 29, 2017) (collecting cases). As explained herein, however, this Court finds the cursory approach inadequate.

416.912(b)(5).") (emphasis added). A statement that another agency's decision is not binding *authority* does satisfy SSR 06-03p's *evidentiary* concern.

Here, the only explanation that the ALJ gave for his apparent rejection of the NCDHHS decision was that "the Social Security Administration makes determinations of disability according to Social Security law; therefore, a determination of disability by another agency is not binding on this proceeding, meriting no specific deference of weight." (Tr. 24). As noted, this cursory discussion of the NCDHHS decision cannot satisfy SSR06-03p's evidentiary concern. *See, e.g., Hildreth*, No. 1:14CV660, 2015 WL 5577430 at *4 ("[C]iting to 'different rules and different standards' as a rationale to give less than substantial weight to a VA disability determination is not enough, because such a rationale would apply to every case, and thus cannot clearly demonstrate a reason for departing from the *Bird* presumption. Here, . . . the ALJ merely noted that she 'was not bound' by the VA determination because of the different basis for the rating. As such, this court cannot tell if substantial evidence supports the ALJ's denial of benefits.") (citations omitted).

Second, and likewise, the ALJ failed to sufficiently explain his decision not to afford the NCDHHS decision weight in violation of both SSR 06-03p and *Bird*. An ALJ's analysis that assigns limited or no weight to the disability decision of another agency is adequate under SSR 06-03p and *Bird*, when it demonstrates that: (1) the other agency's disability decision was inconsistent with specific evidence in the record, *see Hildreth*, 2015 WL 5577430, at *4; *Gillis*, 2015 WL 4644777, at *4-5; *McCall v. Colvin*, 2014 WL 5089424, at *3, or (2) there was a specific, material difference in the standards applied by the other agency in reaching its disability

8

determination that limited the decision's relevance, *see* SSR 06-03p, 2006 WL 2329939, at *7; *Hildreth*, 2015 WL 5577430 at *2; *Mills*, 2014 WL 4055818, at * 3, 8-9.

Here, there is no discussion in the ALJ's decision regarding the two points set out above concerning the NCDHHS decision. Absent such an explanation, this Court can only conclude that the ALJ dismissed the NCDHHS decision because it was not binding. Since this is the only express reason given by the ALJ for dismissing the NCDHHS decision, the ALJ's analysis is insufficient under SSR 06-03p and *Bird*. *See Baughman*, 2014 WL 3345030, at *8; *Hildreth*, 2015 WL 5577430 at *4.

Third, the ALJ's failure to provide the necessary explanation is not harmless. This Court may not speculate how an ALJ might have meant to articulate the logical bridge between the evidence of record and the conclusion.[6] "[A]ssessing the probative value of competing evidence is quintessentially the role of the fact finder and this Court is not authorized to undertake the analysis in the first instance." *Dobbin v. Colvin*, 1:13CV558, 2016 WL 4250338, *4 (M.D.N.C. August 10, 2016) (unpublished) (citations omitted); *Hildreth*, 2015 WL 5577430 at *4. The ALJ's failure to adequately explain himself on this issue warrants remand.

---

[6] *See Nken v. Holder*, 585 F.3d 818, 822 (4th. Cir. 2009) ("In such circumstances, a reviewing court must remand to the administrative agency. Established precedent dictates that a court may not guess at what an agency meant to say, but must instead restrict itself to what the agency actually did say."); *Baughman*, 2014 WL 3345030, at *8 ("[T]he court cannot conclude, as the Commissioner urges, that the ALJ's real reason for dismissing the Medicaid decision can be found in the subsequent RFC discussion, which provides no clear insight into the ALJ's consideration of the Medicaid decision . . . The fact that the ALJ explained his determination that Claimant was capable of light work does not necessarily mean that the ALJ adequately considered the Medicaid decision in making that determination . . . .").

9

Fourth, Defendant's arguments to the contrary are unpersuasive. Defendant contends that in explaining why Plaintiff did not meet Listing 12.04 at step three of his decision in this case (the same listing that was met in the NCDHHS decision), the ALJ also gave good reasons for failing to give weight to the NCDHHS decision. (Docket Entry 12 at 16-17.) However, the fact that an ALJ engaged in a separate analysis of the same condition and the same underlying evidence is not necessarily dispositive of whether an ALJ adequately: (1) considered another agency decision under SSR 06-03p,[7] or (2) demonstrated that a deviation from *Bird's* substantial weight presumption was appropriate.[8]

Defendant also insists that this case does not require remand, because "the Medicaid decision did not comply with Social Security regulations for evaluating the severity of a mental impairment, because it did not consider the paragraph B factors in the Listing." (Docket Entry 12 at 18.) However, this is tantamount to supplying a *post-hoc* rationalization for the agency's decision, which, as noted, is impermissible.

Moreover, Defendant's argument on this point also appears tantamount to contending that the NCDHHS decision is too conclusory to warrant meaningful review and explanation. To the extent Defendant is making such an argument, it is unpersuasive. *See, e.g., Gaskins v. Colvin*, No. 3:12–CV–81, 2013 WL 3148717, at *3-4 (N.D.W. Va. June 19, 2013) (unpublished)

---

[7] *See Baughman*, 2014 WL 3345030, at *8 ("The fact that the ALJ explained his determination that Claimant was capable of light work does not necessarily mean that the ALJ adequately considered the Medicaid decision in making that determination . . . .").

[8] *See Bird*, 699 F.3d. at 343; *see also Hildreth*, 2015 WL 5577430, at *4 ("An ALJ must 'explicitly detail the reasons for giving [a VA disability determination] less weight.'") (quoting *Thomas v. Colvin*, Action No. 4:12CV179, 2013 WL 5962929, at *9 (E.D.Va. Nov. 6, 2013) (unpublished).)

10

(holding that even if the evidence of the Medicaid decision is "conclusory," "the Social Security Administration's own internal policy interpretation rulings affirmatively require[ ] the ALJ to consider evidence of a disability decision by another governmental agency," and these regulations "do not limit the required review of other agency's disability determinations to cases where the decision is substantive" because "to the extent that Medicaid decisions employ the same standards as the Social Security Administration uses in disability determinations, such decisions are probative in situations such as the instant one where an agency has applied the same rules yet reached the opposite result from the Social Security Administration" (internal quotations, brackets, and citations omitted)).

None of this necessarily means that Plaintiff is disabled under the Act and the undersigned expresses no opinion on that matter. Nevertheless, the undersigned concludes that the proper course here is to remand this matter for further administrative proceedings. The Court declines consideration of the additional issues raised by Plaintiff at this time. *Hancock v. Barnhart*, 206 F.Supp.2d 757, 763-764 (W.D. Va. 2002) (on remand, the prior decision of no preclusive effect, as it is vacated and the new hearing is conducted).

### V. CONCLUSION

After a careful consideration of the evidence of record, the Court finds that the decision of the ALJ is not susceptible to judicial review. Accordingly, this Court **RECOMMENDS** that the Commissioner's decision finding no disability be **REVERSED**, and the matter be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g). The Commissioner should be directed to remand the matter to the ALJ for further administrative

11

action as set out above. To this extent, Plaintiff's motion for judgment (Docket Entry 9) should be **GRANTED** and Defendant's motion for judgment on the pleadings (Docket Entry 11) be **DENIED**.

*[Signature]*
Joe L. Webster
United States Magistrate Judge

August 24, 2017
Durham, North Carolina